```
              UNITED STATES OF AMERICA
            UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF ILLINOIS
                   PEORIA DIVISION
```

UNITED STATES OF AMERICA,        )
                                 )
         Plaintiff,              )
   vs.                           ) Case Nos: 19 CR 10027
                                 )
RICHARD BROWN, III,              )
                                 )
         Defendant.              )

### SENTENCING MEMORANDUM

**NOW COMES** Defendant, **RICHARD BROWN, III,** by and through Attorney, **KEVIN F. SULLIVAN,** and submits the following Sentencing Memorandum in support of his request for a sentence below the advisory United States Sentencing Guidelines (USSG) and/or a request for leniency herein;

### Procedural History

On July 29, 2019, Defendant, **RICHARD BROWN, III (RB3),** entered a plea of guilty to the offense of Possessing a Firearm in violation of 18 U.S.C. 922(g). At his plea hearing, **RB3,** admitted to knowingly possessing a gun after having been convicted of a felony.

### Facts as contained in the Discovery

On May 28th, 2019, Peoria Police officers obtained a search warrant to search the person of **RB3,** his residence, and his vehicle.

At 6:00 p.m., members of the Peoria Police Target Offender

Unit (TOU) located the vehicle belonging to **RB3,** in the 3100 of Westport Road.  At 7:20 p.m., **RB3** exited a residence and drove away in his vehicle.  Members of the TOU followed **RB3** to the Knoxville Food Mart, located at 2300 North Knoxville Avenue, close to where **RB3** lived.  **RB3** entered the store and approached the counter.  As Defendant, **RB3** was standing at the counter, certain persons entered the store and began to approach **RB3**'s location.  **RB3** slowly walked away from the counter towards the the exit.  One of these individuals stopped **RB3** and began to hand cuff him.  **RB3** was startled and repeatedly asked what was going on.  According to the TOU officers on scene, **RB3,** attempted to break free from an officer and but ran into another officer.  **RB3,** denies he attempted to break free, rather he did not initially realize those individual were members of law enforcement.   The officers were not wearing uniforms and although their outer clothing may have said "police", that is not always easy to see, especially during the apprehension process.  Once **RB3** realized they were police officers, he advised them he had a gun in his waist band and cooperated in all other respects.  Ultimately, **RB3** fell to the floor, with at least one officer on top of him.   An officer immediately confiscated **RB3**'s gun without resistance or any type of incident.   **RB3** advised the officers that this gun was his only weapon he owned or possessed.

At or near the same time, other TOU officers executed the search warrant on the residence of Defendant, **RB3**.  When the officers approached the residence, Richard Brown, Jr., father of Defendant, **RB3**, was on the front porch. Richard Brown, Jr., advised he was not aware of any illegal items or weapons within the residence.  The police believed Richard Brown, Jr. was armed and dangerous and he was ordered at rifle point to the ground. He was not aggressive or armed and he immediately complied with all commands.  Officers then utilized a RAM and breached a door to the residence although Richard Brown, Jr. never precluded them from entering the residence.  No contraband, including any weapons were located or recovered from the residence.

During an interview at the Peoria Police Department, **RB3**, attempted to justify carrying the gun for protection.  He acknowledged he had been shot on multiple occasions and was with his cousin when he was mortally wounded by a gun.  RB3 feared of being shot again, especially since he lives in a dangerous part of town.

The Peoria Police Department listed **RB3** as being a member of "Moe Block" street gang.  **RB3** emphatically denies ever having been a member of or otherwise affiliated with this or any other gang.

<u>**Statutory Range**</u>

The present offense carries a statutory sentence up to ten

(10) years imprisonment; there is no minimum mandatory statutory sentence.  Mandatory Supervised Release may be up to three (3) years.

## Sentencing Guidelines

### Offense Level Computation

RB3 stipulates the total criminal history level should be 19.

### Criminal History Computation

2012 JD 521                                                        Points Assigned

| | |
|---|---|
| RB3 was disposed to a term of 18 months probation as a juvenile for the offense of Burglary on January 31st, 2012. | 0 |
| On July 7th, 2014, RB3 was adjudicated for violating his juvenile probation for possessing a controlled substance, namely Codeine. | 1[1] |
|     RB3 objects to this enhancement in that the additional sentence was part of the original sentence, not a new, separate or distinct case. | |
| On March 13th, 2015, RB3 was adjudicated for violating his juvenile probation for Obstructing a Peace Officer. | 1 |
|     RB3 objects to this enhancement in that the additional sentence was part of the original sentence, not a new separate, or distinct case. | |
| On May 29th, 2015, RB3 was adjudicated for violating his juvenile probation for Aggravated Battery. | 2 |

---

[1]The points highlighted are those to which RB3 objects.

> RB3 objects to this enhancement in that the additional sentence was part of the original sentence, not a new separate, or distinct case.

2016 CF 294

On August 29th, 2016, RB3 was sentenced to prison for 3 years for Aggravated Battery.        3

> RB3 does not object to this matter being included in his criminal history.

2018 TR 3547

On September 25th, 2018, RB3 was sentenced to 50 days incarceration for Fleeing/Attempting to Elude.        1

> RB3 does not object to this matter being included in his criminal history.

RB3 was under a sentence of Conditional Discharge when he was arrested for the instant offense.        2

Under Illinois law, when a person is sentenced after a probation violation, a trial court may never punish a defendant (delinquent) for the conduct that gave rise to the probation violation **(People v. Varghese** (2009) 391 Ill. App. 3d 866, 330 Ill.. Dec. 917, 909 N.E.2d 939).  If the conduct while on probation constitutes a separate offense, the defendant should be tried and found guilty and that sentence should conform to the orderly criminal processes (**People v. Koppen** (1975), 29 Ill. App 3d 29, 329 N.E.2d 421).  When sentencing a defendant after a probation violation, a sentencing within the original statutory range for the original offense will not be set aside

on review unless the sentence is imposed after revocation of probation was in fact imposed as a penalty for the conduct that was the basis of the revocation and not for the original offense (*People v. Young* (1985), 138 Ill. App, 3d 130, 92 Ill. Dec. 632, 485 N.E.2d 443).

Therefore, **RB3** submits his total criminal history score should be 6 (Category III). Therefore, based on the objections respectfully submitted, **RB3** believes his advisory sentencing range is 30 to 37 months.

### Objections to Presentence Investigation Report

1. RB3 incorporates by reference and persists in Objection #1;
2. RB3 incorporates by reference and persists in Objection #2;
3. RB3 incorporates by reference and persists in Objection #3;
4. RB3 withdraws Objection #4 relative to the weapon being stolen.

### Conclusion

Defendant, **RICHARD BROWN, III**, requests this Court consider and adopt the arguments and requests herein submitted and grant such further and other relief that is deemed just and appropriate under all of these circumstances.

Date: January 21, 2020.

**RICHARD BROWN, III,** Defendant,

/s/ Kevin F. Sullivan
**KEVIN F. SULLIVAN**
Attorney at Law

**Certificate of Service**

I, **KEVIN F. SULLIVAN**, certify that on January 21st, 2019, I electronically filed the foregoing Sentencing Memorandum with the Clerk of the Court using the CM/ECF system, which will send notification of such file to counsel of record.

/s/ Kevin F. Sullivan
**KEVIN F. SULLIVAN**

KEVIN F. SULLIVAN
Attorney at Law
110 SW Jefferson
Suite 530
Peoria, Illinois 61602
(309) 672-2009
(309) 672-2265 (Fax)
kevinsull62@yahoo.com